BOARD OF COMMISSIONERS FOR THE
PONTCHATRAIN LEVEE DISTRICT

VERSUS

NATURE LAND CO., LLC

NO. 21-C-717

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

December 20, 2021

Susan Buchholz
First Deputy Clerk

IN RE BOARD OF COMMISSIONERS FOR THE PONTCHATRAIN LEVEE DISTRICT

APPLYING FOR SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT,
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE
VERCELL FIFFIE, DIVISION "A", NUMBER 77,291

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Hans J. Liljeberg

**WRIT GRANTED**

In its writ application, plaintiff, Board of Commissioners for the
Pontchartrain Levee District (the "Board), seeks review of the trial court's denial
of its request to issue an order of expropriation following its filing of a petition for
expropriation of immovable property in accordance with La. R.S. 38:351, *et. seq.*[1]
For reasons stated more fully below, we grant the Board's writ application and
remand to the trial court to enter an order of expropriation in accordance with La.
R.S. 38:354.

On November 5, 2021, the Board filed a Petition for Expropriation pursuant
to La. R.S. 38:351, *et. seq.*, seeking to expropriate land owned by defendant Nature
Land Co., LLC ("Nature Land") for levee purposes. Instead of entering an order of
expropriation in accordance with La. R.S. 38:354, the trial court issued an order
setting the matter for a hearing on whether the matter should be consolidated with
a prior proceeding filed by Nature Land. The Board then filed an *ex parte* motion
asking the trial court to execute the order of expropriation, which the trial court
denied on November 24, 2021, stating that the record did not contain evidence that

---

[1] La. R.S. 38:351 permits the expropriation of property needed for levee purposes prior to judgment as follows:

> Notwithstanding any other law to the contrary, and in addition to the methods and procedures for
> acquisition or utilization of servitudes for levee and related purposes by levee districts and levee
> and drainage districts, whenever any levee district or levee and drainage district cannot appropriate
> or amicably acquire immovable property needed for levee purposes, including but not limited to
> flooding and hurricane protection purposes, or integrated coastal protection projects, the levee
> district or levee and drainage district may acquire the property by expropriation prior to judgment
> in accordance with the provisions of this Part. The method of expropriation provided by this Part
> shall be authorized for corporeal property and servitudes and for both riparian and nonriparian
> property.

the Board attempted to negotiate or reach an agreement on the compensation it would pay for the immovable property subject to expropriation.

La. R.S. 38:354 provides that once a party presents a petition for expropriation for levee purposes, the trial court shall issue an order of expropriation as follows:

> Upon presentation of the petition, the court *shall* issue an order directing that the amount of the estimate be deposited in the registry of the court and declaring that the property described in the petition has been expropriated for levee purposes at the time of the deposit. [Emphasis added.]

Furthermore, the Board's petition attached copies of letters it forwarded to Nature Land with its offer to purchase the property at issue and the Board alleged that it received no response to the letters from Nature Land. La. R.S. 38:352, which sets forth the requirements for the petition of expropriation, does not require evidence of negotiations to be included in the petition:

> The rights of expropriation of property granted by this Part shall be exercised in the following manner:
>
> (1) A petition shall be filed by the governing authority of the levee district or levee and drainage district in the district court of the parish in which the property to be expropriated is situated. Where the property to be expropriated extends into two or more parishes and the owner of the property resides in one of them, the petition shall be filed in the district court of the parish where the owner resides, but if the owner does not reside in any one of the parishes into which the property extends, the petition may be filed in any one of the parishes. In all such cases, the court wherein the petition is filed shall have jurisdiction to adjudicate as to all the property involved.
>
> (2) The petition shall contain a statement of the purpose for which the property is to be expropriated describing the property necessary therefor and the reasons for the necessity, with a plan of the same, a description of the improvements thereon, if any, and the name of the owner, if known.
>
> (3) The petition shall have annexed thereto the following:
>
> (a) A certified copy of a resolution adopted by the governing authority of the levee district or levee and drainage district, with the concurrence of not less than two-thirds of a quorum, declaring that the expropriation is necessary or useful for the purposes of this Part.
>
> (b) An itemized statement of the amount of money estimated to be the full extent of the owner's loss for the expropriation or the damage, or both, as the case may be. It shall be signed by those who made the estimate, showing the capacity in which they acted and the date on which it was made.

After careful review of the applicable law, as well as arguments and exhibits provided by the parties with their briefs, we find that the trial court erred by failing to execute an *ex parte* order of expropriation in accordance with La. R.S. 38:354. Accordingly, we grant the writ application filed by the Board of Commissioners for the Pontchartrain Levee District and remand to the trial court to enter an order of expropriation in accordance with La. R.S. 38:354 prior to December 23, 2021.

Gretna, Louisiana, this 20th day of December, 2021.

**HJL**
**FHW**
**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>12/20/2021</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**21-C-717**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED

40th District Court (Clerk)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Gordon D. Bush (Respondent)

James L. Bradford, III (Relator)
D. Stephen Brouillette, Jr. (Relator)

### MAILED

Dwight D. Poirrier (Relator)
Attorney at Law
1420 South Burnside Avenue
Gonzales, LA 70737

Katherine M. Kliebert (Respondent)
Attorney at Law
Kliebert Law, PLLC
1300 Baxter Street
Suite 153
Charlotte, NC 28204